**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| A. Edward Foxwell,<br><br>Plaintiff,<br><br>vs.<br><br>Centauri Health Solutions Incorporated,<br><br>Defendant. | No. CV-26-01995-PHX-SPL<br><br>**ORDER** |

Before the Court is a Joint Motion for Discovery Dispute Resolution (Doc. 19) filed by Plaintiff A. Edward Foxwell ("Plaintiff" or "Foxwell") and Defendant Centauri Health Solutions, Inc. ("Defendant" or "Centauri Health").[1]

## I. BACKGROUND

Plaintiff brought this action against Centauri Health under the Telephone Consumer Protection Act, 47 U.S.C. § 227. (Doc. 1). Plaintiff alleges that Defendant "routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using, or causing to be used, an artificial or prerecorded voice in connection with non-emergency calls it places, or causes to be placed, to telephone numbers assigned to a cellular telephone service, without prior express consent." (*Id.* at 1). Defendant Centauri Health filed an Answer and Affirmative Defenses on May 8, 2026. (Doc. 11). Defendant denied Plaintiff's allegations in its Answer and asserted twenty affirmative defenses, including that Centauri Health is exempt from

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending motions are suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

liability under the regulatory safe harbor provision at 47 C.F.R. § 64.1200. (*Id.* at 23).

In the parties' Rule 26(f) Planning Report, Defendant requested that discovery be bifurcated into two phases in order to first answer the question of whether the Reassigned Number Database ("RND") safe harbor in 47 C.F.R. §64.1200(m) is applicable. (Doc. 15 at 4–5). Defendant argued that Phase I should consist of "discovery as to whether the Reassigned Number Database safe-harbor contained in 47 C.F.R. §1200(m) applies including when Plaintiff obtained his subject phone number, whether Defendant implemented procedures to fall within the safe-harbor and Plaintiff's ability to bring his claims against Defendant." (*Id.*). Plaintiff, on the other hand, argued that the safe harbor provision is "subject to challenge in this Court" and that the "safe harbor" is arbitrary and capricious. (*Id.* at 3–4). Plaintiff argued that there should be no change in discovery. (*Id.*).

The Court issued its Rule 16 Case Management Order on July 1, 2026, finding bifurcated discovery was appropriate in this matter. (Doc. 17). The Court instructed the parties that discovery would be divided into two phases:

> Phase I will consist of discovery as to whether the Reassigned Number Database safe-harbor contained in 47 C.F.R. §1200(m) is applicable. Phase II will consist of the remainder of discovery, including additional defenses to Plaintiff's claims as it pertains to calls placed by or on behalf of the Defendant and class discovery.

(*Id.* at 2).

The parties now submit the instant Joint Discovery Dispute. (Doc. 19). The parties' main dispute is over what information is discoverable in Phase I. (*Id.*). Plaintiff's position is that Defendant objects to several requests for discovery as outside of Phase I, when each of these requests calls for information and documents relevant to the safe harbor defense. (*Id.* at 2–3). Plaintiff seeks to compel Defendant to respond to Plaintiff's interrogatory numbers 1–5 and 7–9, requests for production ("RFP") 1–8 and 12–13, and requests for admission ("RFA") 1–12 and 14–21. (*Id.* at 3). Plaintiff alternatively seeks to strike Defendant's safe harbor defense.

Defendant argues that "[t]he issues for Phase I relate to prior express consent from

the party previously holding the subject phone number before it was reassigned, and Centauri's querying of the Reassigned Numbers Database about the subject phone number." (Doc. 19 at 4). Defendant contends that compelling production of Plaintiff's requested interrogatories, RFP's, and RFA's now would place an "undue burden" on Centauri. (*Id.*).

## II. LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). In assessing the proportional needs of the case, a court is to consider the "importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Courts must limit the frequency or extent of discovery if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

## III. DISCUSSION

Defendant objects to the majority of Plaintiff's interrogatories, RFP's, and RFA's. (*See* Doc. 19-2). In so objecting, Defendant frequently cites that the request is "outside the scope of Phase I discovery." (*See id.*).

Defendant seeks to defend, in part, on the grounds that its calls fall within the limited safe harbor provision codified in 47 C.F.R. § 64.1200(m). (*See* Doc. 15 at 4). The Telephone Consumer Protection Act of 1991 ("TCPA") makes it

> [U]nlawful for any person within the United States, or any

> person outside the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service.

47 U.S.C. § 227(b)(1)(A)(iii). "The three elements of a TCPA claim are: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012). Pursuant to 47 C.F.R. § 64.1200(m), a caller using the RND may not be liable if the caller proves that they accessed the most recent RND, and the RND incorrectly indicated the number was still assigned to a person who the caller had previously received express consent from. *See Saggio v. Medicredit, Inc.,* 351 F.R.D. 141, 145 (E.D. Mo. 2026); *Hylton v. Titlemax of Virginia, Inc.*, No. 4:21-CV-163, 2022 WL 16753869, at *7 (S.D. Ga. Nov. 7, 2022).

Upon review, Defendant seeks to avoid discovery as "outside of the scope of Phase I" on many requests that are directly relevant to Plaintiff's claim and Defendant's asserted defense. For example, Defendant objects to Plaintiff's request to "[i]dentify each call Defendant made, or caused to be made, to Plaintiff, or to [phone number], in connection with which Defendant or its vendor used, or caused to be used, an artificial or prerecorded voice." (Doc. 19-2 at 5). Defendant also objects to Plaintiff's request that Defendant produce "[d]ocuments and electronically stored information sufficient to identify from whom, for what purpose, when, from where, why, and how, Defendant obtained or procured telephone number [phone number]." (*Id.* at 11). Defendant further objects to Plaintiff's request that Defendant "[a]dmit Plaintiff was not the intended recipient of calls Defendant made or caused to be made to [phone number]." (*Id.* at 12). Defendant objects to each of these requests, and many more, with the blanket assertion that the request is "outside the scope of Phase I of discovery." (*Id.*).

The purpose of joint discovery dispute motions is to submit a discrete issue to the Court for resolution based on facts and law. The parties have not submitted a discrete issue

to the Court, but rather submitted blanket objections and ask the Court to comb through each discovery request to assess its applicability in Phase I. Based on the disputed requests, it does not appear that the parties have conferred in good faith to resolve the issues before them. The Court is confident that the parties can resolve the discovery issues through good-faith conferral. Accordingly, the parties will be ordered to confer *in good faith* to conduct discovery in line with the Court's Rule 16 Case Management Order (Doc. 17).

**IT IS ORDERED** that the Joint Discovery Dispute Resolution (Doc. 19), **is denied without prejudice**. If it is necessary after the parties have conferred in good faith on these issues, they may refile a Joint Motion addressing discrete discovery issues. The parties must include a statement certifying that counsel could not satisfactorily resolve the matter after personal consultation and sincere efforts to do so, in accordance with Local Rule 7.2(j) and the Court's Case Management Order (Doc. 17).

Dated this 3rd day of November, 2026.

Honorable Steven P. Logan
United States District Judge